NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA VICTORIA ORTEGA BAUTISTA; et al., | No. 23-366 |
| Petitioners, | Agency Nos. A215-815-035 A215-815-036 A215-815-037 A215-815-038 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]

Before:    SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Silvia Victoria Ortega Bautista and her three minor children, natives and

citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (discrimination and harassment did not rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's conclusion that petitioners failed to establish a reasonable possibility of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Because petitioners failed to establish eligibility for asylum, they failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by

or with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**